## LINCOLN ACADEMY *versus* NEWHALL & al.

A partial payment of a witnessed note, by a co-promisor, *before* the enactment of R. S., was an acknowledgment, that the balance was due, from which a promise might be implied of *all* the signers to pay it; and an action is maintainable upon the *note* until the lapse of twenty years *after* such partial payment.

ON FACTS AGREED.

ASSUMPSIT on a promissory note of defendants, dated Nov. 24, 1828, payable in one year from its date, with interest, for $154. On the back of the note were six indorsements in as many years, the *last* one being Dec. 5, 1838. The several payments were made as indorsed by Amos Newhall, one of the defendants.

The note was witnessed.

This action was commenced on Jan. 7, 1852. The defendants pleaded the general issue and by their brief statements alleged, *actio non accrevit* within twenty years next before action brought, nor within six years next after the last supposed new promise in 1838.

Upon these facts and pleadings the Court were to render judgment by default or nonsuit as the law required.

*Ruggles & Gould*, for defendants.

The plaintiffs claim, that the payment of part of the note revived the demand for the next twenty years. The case of *Estes* v. *Blake*, 30 Maine, 164, was evidently but little considered, and the Court was but little aided by counsel in the citation of authorities. There may have been some facts not mentioned in the report which had an influence on the hasty determination of it.

A leading principle to be kept in view is found in 2 Greenl. Ev. § 440, and cases are there cited in support of it.

The freshness and accuracy of the evidence is to be kept constantly in view in determining the question.

Six years is the general limitation for *casual* evidence. When the note is expected to remain for a longer period, the parties agree upon a witness, and twenty years is the longest period in which it is thought safe to rely on such attestation. Other acts, such as payment of a part, will avail the creditor for six years whether the note is witnessed or not, for such new promise has no connection with, or relation to such attestation. There is no reason why such a new promise should have a greater effect in an attested note than on one not attested.

In *Warren Academy* v. *Starrett*, 15 Maine, 443, the new promise was in writing and *attested*, and from the whole history of that case, it seems to be a strong precedent for the doctrine we contend for in this case.

Although in form the action is brought on the note, yet embracing the necessary pleadings, it is substantially an action on the new contract. The note is but the considera-

tion for the new promise. Hence the usage of declaring on the note, leaving the new promise to be set forth in the replication. *Little* v. *Blunt,* 9 Pick. 494; *Exeter Bank* v. *Sullivan,* 6 N. H; *Sittam* v. *Foster,* 1 Barn. & Cres. 250; *Farmer* v. *Smart,* 6 Barn. & Cres. 606; *Jones* v. *Moore,* 5 Binney, 577; *Bell* v. *Morrison,* 1 Pet. 371; 3 Bing. 332; *Presbrey* v. *Williams,* 15 Mass. 194.

The recovery is always in accordance with the terms of the new contract. If there is a condition it must be fulfilled. Story on Con. § 706; *Phillips* v. *Phillips,* 3 Hare, 299.

Where the point in controversy is the limitation bar by lapse of time, the new promise is the cause of action.

If this be so, it follows necessarily, that the statute of limitations applies to the new promise or contract as to any other. If it be not attested, it is barred in six years; if attested it may run twenty, as in the action agaist Starrett, before cited.

If the recovery is had upon the new promise and not the old, it follows, that the new promise is subject to the six years limitation. But if the recovery is had upon the original promise, (attested by a witness,) and not on the new, still that original promise is limited to twenty years, except so far as the new promise extends it, and without attestation it could extend it but six years from the time of such new promise, without involving all the uncertainties of *casual* evidence and frailty in the memory of witnesses, and in derogation of the rule as laid down in Greenleaf, before cited.

*Hubbard,* for plaintiffs, cited *Estes* v. *Blake,* 30 Maine, 164; 15 Maine, 443; *Patch* v. *King,* 29 Maine, 448; *Getchell* v. *Heald,* 7 Greenl. 26; *White* v. *Hale,* 3 Pick. 291; *Sigourney* v. *Drury,* 14 Pick. 387; Greenl. Ev., 2d vol. § 444; *Shepley* v. *Waterhouse,* 22 Maine, 497; *Pike* v. *Warren & al.,* 15 Maine, 390; *Dinsmore* v. *Dinsmore,* 21 Maine, 433; R. S., c. 146, §§ 23, 27.

TENNEY, J. — The suit is upon a promissory note, admitted to have been given by the defendants to the plaintiffs, and attested by a subscribing witness, at the time it was executed. It became payable according to its tenor on November 24, 1829, and upon it are six indorsements of various sums at different times; the first being on May 8, 1830, and the last on December 5, 1838. The indorsements appear to have been for payments made by Amos Newhall; and it is agreed, that they were for actual payments, according to the indorsements.

The defence relied upon is under the statute of limitations. The last indorsement being before the Revised Statutes took effect, which provide in c. 146, § 27, that none of the provisions of that chapter respecting the acknowledgment of a debt, &c., shall apply to such acknowledgment, &c., made before that chapter shall take effect as a law, the provisions in § 21, that the acknowledgment or new promise of one joint contractor shall not make liable another, can have no effect upon this case.

By the law as it stood on December 5, 1838, an acknowledgment of one joint promisor, which would take a case out of the statute, as to him, would equally affect the other co-promisors. *Shepley* v. *Waterhouse*, 22 Maine, 497.

The question here presented is whether the acknowledgment of indebtedness by payments, all of which were within ten years after the note was payable, will take the case so far from the operation of the R. S., c. 146, § 11, that an action will not be barred within twenty years from the time of the last acknowledgment.

The case of *Warren Academy* v. *Starrett*, is relied upon by both parties; but it seems to have little to do with the question at issue. The original note in that case, purported to be witnessed, and to have had upon it indorsements of payments. The signature of the note was denied to be that of the defendant; but the written renewal of the note being witnessed and proved, the Court ruled, that the renewal might be regarded as an independent note; and being

witnessed, was within the exception of the statute. It was of no consequence, whether the original note was witnessed or not, after the proof of the new witnessed note for the sum due on the original. This case is similar to the case of *Commonwealth Insurance Company* v. *Whitney*, 1 Met. 21, where the memorandum upon the note was decided to be a note of itself. But the case of *Gray* v. *Bowden*, 23 Pick. 282, was more like the one at bar. There it was held that the memorandum upon the note in suit, was not a note in writing promising to pay money, nor a promissory note. Here the promise is implied by the payments made and indorsed, and not constituting a new note.

The last acknowledgment, that the balance was unpaid, as shown by the indorsement, was about nine years after the maturity of the note, and about thirteen years before the commencement of this action.

The note would not have been barred by the statute of limitations, if there had been no acknowledgment of its being unpaid, until the lapse of the full term of twenty years from the time when it became payable. And the payments could not abridge the time, within which the action would not be barred. These payments, if restricted in their effect, as the defendants contend, would be substantially a new promise, which would be barred long before the statute would be a defence to a suit on the original note, and would be entirely ineffectual upon the question involved. The case therefore is somewhat different in this respect from one, where the new promise, express or implied by payments, was made after, or at the time the statute attached. And it follows, upon the principle contended for in defence, that in order to prevail against the statute at any time after the expiration of six years from the time of the last acknowledgment, and before that of twenty years, from the maturity of the note, the action must necessarily be founded upon the original promise.

Payments made upon a note not witnessed, and before the statute of limitations would prevent a recovery thereon,

are regarded an acknowledgment that the balance is due. It is a valid agreement on the part of the maker, that the note for that balance is to be treated, as if the sum due became payable at that time, and that an action therefor could be maintained, if commenced within six years.   Whatever was the effect of the note, when it first reached maturity, it is thereby agreed shall be its effect at the time of the acknowledgment.   A different principle is not to be applied to a note attested by a subscribing witness.   The admission, that *it is* outstanding, is an acknowledgment, that it is outstanding as it is, and not as it would be without the attestation.   In both cases the promise implied is, that the balance shall be paid upon such a note as that to which the promise attaches, and the law determines what length of time the holder may have in which to enforce payment, according to the character of the note, the existence of which is recognized by the acknowledgment.

The argument of the defendants' counsel is exceedingly ingenious, and sets forth in a strong light the evils to be apprehended from allowing written contracts actually barred by the statute or about becoming so, to be renewed by evidence so frail as the recollection of witnesses.   The Legislature, which revised the statutes of the State in 1840, was impressed by a similar opinion, and made provisions accordingly, to take effect thereafter.   That department of the government legislated for the future, as they had the power to ; but another department of the same government cannot legislate for the past.

The case of *Estes* v. *Blake*, 30 Maine, 164, was not made without full consideration ; and no authority has been cited by counsel or found by the Court which conflicts with the doctrine therein expressed.   *Howe* v. *Saunders*, not yet reported.                              *Defendants defaulted.*

SHEPLEY, C. J., and HOWARD, RICE and APPLETON, J. J., concurred.

CUTTING, J. *dissented* and expressed his views as follows:

Statute c. 146, § 11, provides, that, "all personal actions on any contract, not limited by any of the foregoing sections, or any other law of the State, *shall be brought*, within twenty years after the accruing of the cause of action."

The cause of action on the note in suit, accrued on Nov. 24, 1829, and was "not limited by" section 7, providing for witnessed promissory notes. Consequently, if this suit is brought on the *original* promise, as is contended for in the opinion, it was barred by force of the statute at the expiration of twenty years from that time; otherwise, if brought on a new promise, such promise not being witnessed, would be barred after six years, and in neither event can the plaintiffs recover.

Section 27 does not restrain the operation of these two sections above cited; that section is "respecting the acknowledgment of a debt, or a new promise to pay it," and must refer to verbal acknowledgments or promises, and not to a promise implied by an indorsement, which is provided for by section 23, limiting only the four preceding sections, thus leaving sections 7 and 11 in full operation.